
USCA1 Opinion

	




      0[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
                 United States Court of Appeals
                     For the First Circuit





No. 97-2033

                         DARRYL WHITING,

                      Petitioner, Appellant,

                                v.

                    UNITED STATES OF AMERICA,

                      Respondent, Appellee.



           APPEAL FROM THE UNITED STATES DISTRICT COURT

                FOR THE DISTRICT OF MASSACHUSETTS

           [Hon. Robert E. Keeton, U.S. District Judge]



                              Before

                     Boudin, Circuit Judge,
                 Coffin, Senior Circuit Judge,
                   and Stahl, Circuit Judge.
                                
                                


     Darryl Whiting on brief pro se.
     Donald K. Stern, United States Attorney, Thomas C. Frongilloand Kevin J. Cloherty, Assistant United States Attorneys, on brief
for appellee.





June 26, 1998



                                
                                

      Per Curiam.  Petitioner Darryl Whiting, having been
    convicted of numerous drug-related offenses, see United Statesv. Whiting, 28 F.3d 1296 (1st Cir. 1994), appeals from the
    dismissal of his 28 U.S.C.  2255 petition for habeas relief. 
    He there advanced ten claims of ineffective assistance of
    counsel, all of which the district court dismissed in a
    comprehensive pair of decisions.  Petitioner pursues these same
    claims on appeal, along with a trio of other allegations. 
    Except as to one minor matter, we affirm the judgment in all
    respects. 
                                  I.
        With regard to the ineffective-assistance claims, we
    agree, substantially for the reasons recited by the district
    court, that petitioner has failed to establish that counsel's
    conduct was deficient.  We likewise think he has failed to
    establish that any such deficiency prejudiced his defense. 
    Little need exists to augment the district court's discussion. 
    We add the following comments primarily for emphasis.
        1.  Petitioner's first three complaints--that counsel
    failed to interview potential witnesses, failed to seek a
    severance in order to secure testimony from the codefendants at
    trial, and otherwise failed to reasonably present petitioner's
    defense--rely on a series of affidavits submitted by eight of
    his codefendants.  Yet as the district court properly found,
    those submissions are devoid of admissible evidence and are
    deserving of little if any weight.  Apart from such affidavits,
    petitioner never elaborated on what the prospective testimony
    from these individuals would have been.  Moreover, because of
    the involvement of such persons in the drug operation, counsel
    reasonably could have thought that the risk of impeachment was
    inordinate.  He reasonably could have concluded that a motion
    for severance would have been futile.  And a line of defense
    that counsel allegedly ignored was in fact introduced, albeit
    not in the manner apparently preferred by petitioner.  The
    strategic decisions made by counsel in these various respects
    cannot be deemed deficient performance.
        2.  Petitioner's second trio of claims all involve the
    admission of coconspirator statements.  Each proves unavailing. 
    His allegation of governmental misconduct in this regard is
    unsupported.  Contrary to his initial suggestion, the court did
    make a Petrozziello ruling.  And no Bruton problem arose,
    inasmuch as the statements fell within the coconspirator
    exception to the hearsay rule.  See, e.g., Bourjaily v. United
    States, 483 U.S. 171, 182 (1987); United States v. Saccoccia,
    58 F.3d 754, 779 (1st Cir. 1995), cert. denied, 517 U.S. 1105
    (1996).  
        3.  Petitioner next advances a pair of claims involving
    the calculation of drug quantity for purposes of sentencing--a
    matter addressed by this court at some length on direct appeal. 
    See Whiting, 28 F.3d at 1304-06.  He first asserts that counsel
    was derelict in failing to request an evidentiary hearing on
    the matter.  Yet substantial evidence had already been adduced,
    the matter was vigorously contested at sentencing, and counsel
    might reasonably have thought that any evidentiary shortfall
    would work in his client's favor.  Nor has petitioner explained
    how a hearing might have altered the sentencing determination. 
    His effort on appeal to identify new evidence that could have
    been adduced is spirited but unpersuasive; moreover, the
    government was prepared to (and twice proposed to) put on
    additional evidence of its own.  Petitioner's second claim--
    that counsel failed to argue on appeal that the calculation of
    drug quantity was based on a "misconception" of the evidence--
    also fails.  No appreciable difference appears between such an
    argument and the sentencing challenges that were actually
    raised on appeal.
        4.  Petitioner also complains of counsel's failure to
    pursue a second argument on appeal: that the jury selection
    process resulted in the deliberate exclusion of blacks.  The
    identical claim was rejected in the recent habeas appeals
    brought by petitioner's codefendants.  See Pledger v. United
    States, 1998 WL 88515, at *5 (1st Cir. 1998) (per curiam).  No
    reason exists to reach a different result here; petitioner has
    failed to identify a colorable claim in this regard, and
    counsel thus cannot be faulted for eschewing it.
        5.  Petitioner's remaining ineffective-assistance claim,
    which accuses counsel of a conflict of interest because of his
    subsequent professional association with the lead prosecutor,
  has been effectively abandoned on appeal.  
                                 II.
       One other matter remains.  While the habeas action was
    pending, petitioner submitted a motion for return of property
    that he alleged had been unlawfully seized and forfeited.  The
    clerk's office, it appears, filed the motion in the habeas
    case; the district court understandably dismissed the motion
    without prejudice on the ground that it was not cognizable in
    a habeas proceeding.  Petitioner replied that he had intended
    the motion as an independent action--an argument he has
    reiterated on appeal.  The record so reflects: the motion bore
    a different caption than his earlier habeas pleadings; unlike
    those earlier pleadings, it contained no docket number; and it
    specifically cited Fed. R. Civ. P. 41(e).
       We have held that "district courts have jurisdiction to
    entertain collateral due process attacks on administrative
    forfeitures," and that "such challenges may be pursued in a
    civil action under 28 U.S.C.  1331."  United States v.
    Giraldo, 45 F.3d 509, 511 (1st Cir. 1995) (per curiam). 
    Moreover, "[w]here criminal proceedings against the movant have
    already been completed, a district court should treat a rule
    41(e) motion as a civil complaint."  Onwubiko v. United States,
    969 F.2d 1392, 1397 (2d Cir. 1992) (quoted in Giraldo, 45 F.3d
    at 511).  This is especially so where the movant appears pro
    se.  See, e.g., United States v. Mosquera, 845 F.2d 1122, 1126
    (1st Cir. 1988) (per curiam).  Accordingly, we think it
    appropriate to remand this single issue to the district court
    for further proceedings.  We of course express no views as to
    whether the claim has any potential merit, or whether it might
  be subject to dismissal on some other ground.  
        The dismissal of the motion for return of property is
    vacated and that claim remanded to the district court for
    further proceedings.  The judgment is otherwise affirmed.

